**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CHELSEA M. LOZIER, | : | |
| | : | Case No. 17-201107 (JJT) |
| Debtor. | : | |
| _____ | : | |
| CHELSEA M. LOZIER | : | Adv. Pro No. 17-02083 (JJT) |
| | : | |
| Plaintiff | : | |
| V. | : | Re: ECF Nos. 9, 34 |
| | : | |
| WELLS FARGO BANK N.A. d/b/a | : | |
| WELLS FARGO DEALER SERVICES | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

**RULING ON THE DEFENDANT'S MOTION TO DISMISS**

I.  INTRODUCTION

Pending before the Court are the Defendant's Motion to Dismiss the Plaintiff's Adversary Complaint and Memorandum of Law in Support (collectively the "Motion") (ECF Nos. 9, 10) and the Plaintiff's Motion to Withdraw Adversary Proceeding (the "Withdrawal") (ECF No. 34). After notice and a hearing on April 5, 2018, and upon review of the record, the motions and the relevant law, the Court grants the Defendant's Motion to Dismiss. The Plaintiff's Motion to Withdraw Adversary Proceeding is denied as moot.

II.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its

authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1). This Adversary Proceeding constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (I) and (K). Venue is proper in this Court under 28 U.S.C. § 1408.

III.    BACKGROUND[1]

On June 25, 2014, the Plaintiff entered into a Retail Installment Contract ("Contract") with Enfield Nissan, Inc. d/b/a Lia Nissan of Enfield ("Lia"), to purchase a used 2011 Nissan Rogue ("Vehicle"), which is the subject of the Adversary Proceeding and instant Motion before this Court. By its terms, the Contract was immediately assigned to Wells Fargo Bank N.A. d/b/a Wells Fargo Dealer Services ("Wells Fargo" or "Defendant"). Shortly thereafter, on July 24, 2017 ("Petition Date"), the Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code ("Bankruptcy Code").

On October 30, 2017, the Plaintiff filed a *pro se* Complaint ("Complaint") and commenced the above captioned Adversary Proceeding against the Defendant. On January 12, 2018, the Defendant moved to dismiss the Complaint.[2] On January 17, 2018, the Court issued an Order directing the Defendant to comply with Rule 12(a) of the Local Civil Rules of the United States District Court for the District of Connecticut, regarding Notice to Self-Represented Litigant Concerning Motion to Dismiss. ECF No. 15. On January 18, 2018, the Defendant complied with this order and provided such notice to the Plaintiff. ECF No. 16. The Plaintiff did not respond to the Motion or request an extension of time to respond. On the morning of April 5, 2018, the date of the scheduled hearing ("Hearing") on the Defendant's Motion, the Plaintiff

---

[1] The facts herein are based upon judicial notice of the docket or undisputed facts advanced by the movant unless otherwise noted.

[2] Pursuant to the Federal Rules of Civil Procedure, the Plaintiff received proper service of the instant Motion and proper notice of the hearing. *See* Adv. Pro. Dkt. 17-02083.

2

filed the Withdrawal on the sole basis that she sought to keep and make payments on the Vehicle. *See* ECF No. 34. The Plaintiff did not appear at the Hearing.

The Plaintiff's Complaint consists of three counts: (i) Count I asserts that Wells Fargo does not hold a valid and perfected security interest in the Vehicle. Compl. at ¶ 19; (ii) Count II seeks to have this Court "determine the value of [the Vehicle] pursuant to 11 USC Sec. 506(a) so that she can avail herself to remedies, including but not limited to, her ability to redeem the Vehicle". *Id*. at ¶ 27; and (iii) Count III asserts that Wells Fargo's actions related to the Loan and the Contract were "unfair, deceptive and reprehensible," and, therefore, violated the Connecticut General Statutes Sec. 42a-110 *et seq*. cited as the Connecticut Unfair Trade Practices Act ("CUTPA"). *Id.* at ¶ 38.

In moving to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ P. 12(b)(6), the Defendant asserts, *inter alia,* that: (i) Plaintiff's allegations in Count I that Wells Fargo does not hold a valid and perfected security interest in the Vehicle are directly contradicted by the documents attached to the Complaint and upon which the Complaint relies. *See* Motion at 1; ¶ 22; (ii) Section 506 of the Bankruptcy Code does not allow the Debtor to "strip down" an unsecured creditor's lien and therefore is unavailable because the lien stays with the Vehicle. *Id*. at ¶ 28, 29; and (iii) Count III should be dismissed because the Plaintiff lacks standing to pursue claims belonging to the estate, *Id*. at ¶ 30. The Defendant further asserts that even if the Plaintiff had standing to pursue such a claim, that claim would be time barred. *Id*. at ¶ 36.

IV. LAW

Federal Rule of Civil Procedure 12(b)(6), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a cause of

3

action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In analyzing the pleading requirements of Rule 8(a)(2), the Supreme Court has stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A pleading that offers, "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Instead, a plaintiff must provide enough factual support that, if true, would "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Supreme Court has instructed courts to employ a two-step analysis in evaluating the sufficiency of a complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). First, the court must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Thus, the court should accept as true any well-pleaded factual allegations, but reject legal conclusions unsupported by facts. Next, the court should "determine whether [the well-pleaded factual allegations] plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint

states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Moreover, when a dispositive issue of law precludes a plaintiff from being entitled to relief regardless of the allegations of fact the plaintiff might prove, Rule 12(b)(6) authorizes a court to dismiss that plaintiff's claims. *Neitzke v. Williams* 490 U.S. 319, 326-327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In order to streamline litigation and dispense with needless discovery and factfinding, courts are required to dismiss legal claims that are destined to fail regardless of whether they are nearly viable. *Neitzke,* 490 U.S. at 326-27 ("[n]othing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. . . [A] claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.").

V.   DISCUSSION

As a threshold matter, under Local Rule 12(a), any represented party moving to dismiss the complaint of a self-represented party shall file and serve, as a separate document, a "Notice to Self-Represented Litigant Concerning Motion to Dismiss." The movant shall attach to the notice copies of the full text of Rule 12 of the Federal Rules of Civil Procedure and Local Rule 7. The notice provides in pertinent part:

> THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE OPPOSITION PAPERS AS REQUIRED BY RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IF THE DEFENDANT'S MOTION SHOWS THAT THE DEFENDANT IS ENTITLED TO DISMISSAL OF ANY OR ALL OF YOUR CLAIMS. COPIES OF RELEVANT RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

Additionally, Local Rule 7(a), failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion. While this Court has the inherent authority to grant the Defendant's Motion due to the Plaintiff's failure to respond or otherwise seek an extension of time with which to respond, it is cognizant of the strong preference in favor of resolving disputes on the merits. Despite the Plaintiff's disregard for the Local and Federal Rules, and failure to demonstrate that she would suffer any prejudice as a result of the Court granting the Plaintiff's Motion for failure to respond, this Court will address her claims on the merits.

### A. Wells Fargo has a Valid and Perfected Security Interest in the Vehicle

Section 101(37) of the Bankruptcy Code defines "security interest" as a "lien created by an agreement." Whether an agreement creates a lien depends on applicable state law. *See Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Here, the Contract provides that Connecticut law applies. *See* Mot., Ex. 1.

Under Connecticut law, "[a]ttachment of a security interest to an item of collateral occurs when all three of the following requirements are met: 1) the secured party has given value; 2) the debtor has obtained rights in the collateral; and 3) the debtor has signed a written security agreement that describes the collateral." *Source One Fin. Corp. v. Rd. Ready Used Cars, Inc.*, No. CV-13-6034341-S, 2016 WL 1657226, at *3 (Conn. Super. Ct. Apr. 6, 2016) (quoting *State v. Kurrus*, No. CV-07-4029723-S, 2011 WL 3199469, at *1 (Conn. Super. Ct. June 23, 2011) (citing General Statutes § 42a–9–203)). "In the case of a motor vehicle, at the time of the delivery of the funds, the taking of possession of the vehicle . . . and the execution of the Retail Installment Sales Contract, the creditor acquires a security interest in the purchased vehicle." *Source One*, 2016 WL 1657226, at * 4 (internal quotations and brackets omitted).

6

In the present case, the Plaintiff does not dispute that the Contract is a valid and binding agreement. In fact, the Plaintiff attached to her Complaint a completed copy of the Contract, which confirms (1) she was given value in the form of financing to allow her to purchase the Vehicle, (2) she received an ownership interest in the Vehicle in exchange for agreeing to make the required payments under the Contract, and (3) she granted a security interest in the Vehicle to the Defendant. Furthermore, the perfection of Wells Fargo's security interest in the Vehicle is evidenced by the fact that Wells Fargo is identified as the "First Lienholder" on the Certificate of Title for the Vehicle. *See* Mot., Ex. 3. Accordingly, Wells Fargo holds a valid and perfected security interest in the vehicle and Count I fails as a matter of law.

### B. The Bankruptcy Code Does Not Allow the Plaintiff to Strip Down the Defendant's Lien

In *Dewsnup v. Timm* (*In re Dewsnup*), 502 U.S. 410 (1992), the United States Supreme Court held that Section 506 does not allow a Chapter 7 debtor to strip down an undersecured creditor's lien because the lien stays with the property until foreclosure. *See Id*. at 416-18 (1992). The holding in *Dewsnup* has since been applied to personal property, including automobiles. *See*, *e.g.*, *In re Watson*, 286 B.R. 594, 603–04 (Bankr. D.N.J. 2002). Therefore, Count II fails as a matter of law.

### C. Plaintiff Lacks Standing to Assert CUTPA Claims Which are, in Any Event, Time Barred

"The act of filing a bankruptcy petition transfers a debtor's assets to the bankruptcy estate, and these assets remain assets of the bankruptcy estate unless returned to the debtor by the operation of law.... [I]t is a basic tenet of bankruptcy law ... that all assets of the debtor, including all pre-petition causes of action belonging to the debtor, are assets of the bankruptcy estate that must be scheduled for the benefit of creditors ..." *Crawford* v. *Franklin Credit Management*

*Corp*., 758 F.3d 473, 483 (2d Cir. 2014). (Citations omitted; internal quotation marks omitted.) "[A]n asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 554 (c)." *In re Suplinskas*, 252 B.R. 293, 295 (D. Conn. 2000).

Property that is not formally scheduled cannot be abandoned, and therefore remains part of the estate. *See* 11 U.S.C. § 554(d). Courts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claim after emerging from bankruptcy, and the claims must be dismissed." (Citations omitted; internal quotation marks omitted.) *Manning v. Feltman*, 149 Conn. App. 224, 233 (2014) (citing *Assn. Resources, Inc. v. Wall,* 298 Conn. 145, 165, 2 A.3d 873 (2010)).

Here, the Plaintiff brought this Adversary Proceeding on her own behalf after failing to schedule any of the causes of action as assets of the estate that would be subject to her exemptions or abandonment by the Trustee. Count III, unlike the other counts, seeks damages or offsets against the claims or liens of the Defendant. Accordingly, the cause of action in Count III remains an asset of the estate and the Plaintiff lacks standing to bring that action, which is fatal to her claims. Unsurprisingly, the Trustee has not moved to reopen or administer the assets of the estate as the suit is of no value.

Even assuming, *arguendo,* the Plaintiff had standing or the Trustee moved to reopen the estate, Count III is time barred. Under Connecticut Law, an action alleging unfair trade practices under CUTPA "may not be brought more than three years after the occurrence of a violation . . ." Conn. Gen. Stat. § 42-110g(f). CUTPA's limitation period is "triggered upon the occurrence of the alleged violation, not the discovery of the alleged practice." *Izzarelli v. R.J. Reynolds Tobacco Co.,* 117 F. Supp. 2d 167, 177 (D. Conn. 2000); *Timmons,* 283 F. Supp. 2d at 719 (D.

Conn. 2003) ("A CUTPA violation occurs when the misrepresentation is made and the statute of limitations commences running the moment the act or omission complained of occurs.").

In the instant matter, the Plaintiff's alleged CUTPA claim accrued on the date that she entered into the Contract, *i.e.* June 25, 2014. Plaintiff's CUTPA claim, therefore, expired on or about June 25, 2017. Plaintiff filed her bankruptcy case a month later, on July 24, 2017, and brought the instant Adversary Proceeding three months after, on October 30, 2017. Because she filed after the statute of limitations had run, Plaintiff's CUTPA claim against Wells Fargo is time barred.[3] The Court need not address the remaining arguments and defenses presented as the aforesaid findings are fully dispositive of this action on the merits.

For the foregoing reasons, the Defendant's Motion to Dismiss is GRANTED and the Plaintiff's Motion to Withdraw Adversary Proceeding is denied as MOOT.

Dated at Hartford, Connecticut this 10th day of May, 2018

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[3] Because the statute of limitations for Plaintiff's CUTPA claims expired prior to the commencement of the Bankruptcy Case, Section 108(a)'s tolling provision for non-bankruptcy statute of limitations is not available to The Plaintiff.